**UNITED STATES of AMERICA, Plaintiff–Appellee,**

**v.**

**Gary Thomas MILLS, Defendant–Appellant.**

**No. 91–1841.**

United States Court of Appeals, Fifth Circuit.

April 14, 1992.

Rehearing Denied June 2, 1992.

Richard Roper, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before JOLLY, and HIGGINBOTHAM, Circuit Judges, and WILLIAMS, District Judge.[1]

SPENCER WILLIAMS, District Judge:

Defendant–Appellant Gary Mills appeals the imposition of that portion of his criminal sentence which forbids him to work in the car sales business during his period of supervised release. The sentence was imposed after he pled guilty to the charges of mail fraud and altering odometers on cars sold from his GM dealership. We reject Appellant's contention that the occupational restriction is tantamount to an upward departure from the Federal Sentencing Guidelines, and, therefore, affirm the lower court's sentence in part. We reverse, however, that portion of the sentence which requires Appellant to close and sell his business because it exceeds the minimum sentence reasonably necessary to protect the public.

### FACTS AND PROCEEDINGS BELOW

Gary Mills is a used car salesman who pled guilty to turning back odometers on twelve cars he sold over a two-year period in violation of 15 U.S.C. §§ 1984 & 1990c. He also pled guilty to mail fraud for reporting false sales prices to the state of Texas for sales tax purposes in violation of 18 U.S.C. § 1341. Appellant's conduct was evaluated at the offense level of nine (9), and his criminal history category level was one (I). The range of imprisonment required by the Guidelines at these levels is from four to ten months. The district judge sentenced Mills to seven months in jail, imposed a $10,000 fine, and ordered a three-year term of supervised release. All aspects of the judgment were well within the ranges specified in the guidelines. The district judge also imposed the following

Smith & Douglass, Wichita Falls, Tex., Gary Cohen, Austin, Tex., and William T. Habern, Riverside, Tex., for Gary T. Mills.

1. District Judge of the Northern District of California, sitting by designation.

occupational restriction on the supervised release:

That defendant shall not own or operate a new or used car business during the term of supervised release. Defendant shall seek employment in an occupation other than automobile sales and shall not accept any employment without approval of the probation officer. Defendant shall close his current business, GM Motor Company, located in Wichita Falls, Texas, within 60 days of the entry of this order.

The district court imposed the sentence without entering findings of fact or issuing an opinion in support of the judgment. Mills timely filed a notice of appeal. On Mills' motion, this Court stayed, pending appeal, that portion of the judgment requiring Mills to close his GM Motor Company dealership. *U.S. v. Mills,* No. 91–1841 (5th Cir. Aug. 28, 1991).

Mills argues on appeal that imposing the occupational restriction constituted an upward departure from the Guidelines, and that he was therefore entitled to notice of this departure before his sentencing hearing. The presentence report did not indicate that Mills might be precluded from working in the car business for a period after his release from prison.

Mills also argues that the restriction itself is an abuse of discretion because it is not needed to protect the public from continuing acts of unlawful conduct.

## LEGAL ANALYSIS

A. Was the imposition of occupational restrictions on supervised release an upward departure from the Guidelines requiring notice to Appellant prior to sentencing?

█ The United States Supreme Court recently addressed the issue of sentencing departures in *Burns v. United States,* — U.S. —, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). In *Burns,* the Supreme Court held that a sentencing court may not depart upward from the Guidelines range without first notifying the parties. *Id.* 111 S.Ct. at 2187. The Court observed that Federal Rule of Criminal Procedure 32 guarantees

the parties "an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence." *Id.* 111 S.Ct. at 2186. The Court reasoned that the right to comment would be worthless without the right to advance notice that the Court intended to make a departure.

█ Under the Guidelines, a sentencing court has discretion to order a term of supervised release in cases involving imprisonment for a term of one year or less even when no statute requires such supervised release. § 5D1.1. Supervised release may be imposed in order to facilitate the defendant's re-integration into the community, to enforce a fine or restitution order, or to fulfill any other purpose authorized by statute. *See,* Commentary to § 5D1.1.

█ As a "special" condition of supervised release, the Guidelines authorize the sentencing court to impose an occupational restriction at its discretion. §§ 5F1.5 & 5B1.4(b)(22), 18 U.S.C. § 3563(b). Section 5F1.5 provides as follows:

*Occupational Restriction*

(a) The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:

(1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and

(2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

(b) If the court decides to impose a condition of probation or supervised release restricting a defendant's engagement in a specified occupation, business, or profession, the court shall impose the condition for the minimum time and to

the minimum extent necessary to protect the public.

Federal Sentencing Guidelines, § 5F1.5.

■ The occupational restriction imposed upon Mills in this case is not an "upward departure" because it falls within the range of sentencing conditions available to the court under the Guidelines. In contrast, *Burns* and the other cases cited by the government involved situations in which the courts imposed a term of confinement exceeding the maximum range set forth in the Guidelines' sentencing table. In our case, however, Appellant received only the mid-range confinement of seven months. The occupational restrictions were simply an exercise of the district judge's authorized discretion to impose additional terms of probation or supervised release. We do not believe it to be in the interest of justice or the efficient administration of the sentencing process to extend the notice requirements of *Burns* to cases where the defendant's term of confinement is not at stake. Requiring trial judges to give prior notice of their intent to impose an occupational restriction would only further encumber the lengthy sentencing process without adding anything to defendants' existing procedural protections.

One purpose of a sentencing hearing is to afford the defendant an opportunity to exercise his right of allocution. Fed. R.Crim.P. 32(a)(1)(C). After hearing from the defendant, the witnesses, and counsel for both sides, the judge announces the sentence he intends to impose. Generally, after the sentence is announced, counsel are given an opportunity to make further comment. It is impractical to require a sentencing judge to give detailed notice of an intended sentence before the above-described process is completed. Moreover, it is wasteful to permit an appeal at that stage of the proceeding solely because such notice was not given. If either side is dissatisfied with the proposed sentence, counsel can request a continuance for further preparation. If that motion is denied, counsel can move for reconsideration or modification after the sentence is imposed, 28 U.S.C. § 2255, and failing success at the district court level, can appeal. Fed. R.App.P. 4(b).

**B. Did the district court abuse its discretion in imposing occupational restrictions as a condition of supervised release?**

■ Section 5D1.3 of the Guidelines gives a sentencing court broad discretion to impose conditions on supervised release if they are reasonably related to (1) the nature and circumstances of the offense, (2) the need for adequate deterrence of further criminal conduct, and (3) the need to protect the public. Mills' occupation as a car dealer obviously bears a direct relationship to his offense of tampering with odometers. In addition, the district judge expressly stated that he thought the restriction was necessary to protect the public from Mills. We find no error with these rulings. However, before affirming the judgment in its entirety, we must also examine whether the occupational restriction was impermissibly overbroad.

■ Section 5F1.1 limits the scope of the occupational restriction to the minimum reasonably necessary to protect the public. The Senate Judiciary Committee Report on the Comprehensive Crime Control Act explains that the occupational restriction provision was "intended to be used to preclude the continuation or repetition of illegal activities while avoiding a bar from employment that exceeds that needed to achieve that result." Commentary to § 5F1.5 (citing S.Rep. No. 225, 98th Cong., 1st Sess. 96–97). The condition "should not be used as a means of punishing the convicted person." *Id.*

■ On appeal, the defendant may challenge the imposition of a supervised release condition under 18 U.S.C. § 3563(b)(6) if "the sentence includes ... a more limiting condition of probation or supervised release under section 18 U.S.C. § 3563(b)(6) ... than the maximum established in the guideline." 18 U.S.C. § 3742(a)(3)(A).

■ We find the record does not warrant the condition that Mills "close his business" and "not own" (i.e. sell) it for the term of his supervised release. It is not the minimum condition reasonably neces-

sary to protect the public. It is sufficient to ban Mills from all personal participation in the operations of his or any other car business during the term of the supervised release. Requiring Mills to sell his business during the term of supervised release is tantamount to punishment, which is not permitted under the Guidelines. *See* Commentary § 5F1.1. Accordingly, that portion of the district judge's sentence is REVERSED and REMANDED for sentencing in accordance with this decision. 18 U.S.C. 3742(e)(1)(B).

GRADY JOLLY, Circuit Judge, dissenting:

I respectfully dissent. Irrespective of whether the occupational restriction is a technical "upward departure" from the sentencing range under the guidelines, the *Burns* requirement that the court must give notice to the defendant before the sentencing hearing applies in this case. An occupational restriction is a significant deprivation of a liberty interest—just as is an extended sentence to prison not authorized by the guidelines. The *Burns* court recognized that for a defendant to take advantage of his right to comment before sentence on the appropriateness of a departure, he *must* be notified that the court is contemplating such a departure. *Burns,* 111 S.Ct. at 2186. Surely, it follows that in order for a defendant to comment effectively on an occupational restriction—a factually complex issue with myriad economic ramifications—he should be notified that the court is contemplating such a restriction before the sentencing hearing so that he may effectively prepare his comments.

The government argues that the defendant has such notice, because an occupational restriction is one of the conditions of supervised release authorized by the guidelines. I am unpersuaded. The court may impose *numerous* conditions of supervised release on the defendant under the guidelines. The guidelines are, therefore, not effective notice to the defendant that the court is actually contemplating any particular restriction, or indeed, any restriction at all. At most, the guidelines provide notice that the court *may be* contemplating one, or several, restrictions. Under the government's argument, it is left to the defendant to guess which, if any, will be applied and which he must address in his allocution. Indeed, the Supreme Court in *Burns* recognized that absent notice that the court was going to depart from the guidelines, the defendant would be forced to anticipate and negate in a random and wasteful manner "every conceivable ground on which the district court might choose to depart...." *Id.* at 2187. Clearly, that rationale applies here.

The majority argues that the defendant has several opportunities to attack the occupational restriction once it has been proposed. The majority points out that counsel can request a continuance for further preparation, counsel can move for reconsideration or modification after the sentence is imposed, and counsel can appeal the sentence. The majority argues that forcing the district court to provide notice before the sentencing hearing that it is considering an occupational restriction would be wasteful, given that the defendant has other opportunities to comment on the condition. The majority, however, does not offer any explanation as to why providing notice would be such a burden to the court or, contrary to the reasoning in *Burns,* why it would be a wasteful procedure.

It seems to me that the means by which the majority allows allocution are more burdensome than providing notice. If notice were required before the sentencing hearing *and* the defendant given an opportunity to comment effectively on the restriction, the district court's decision would be better informed and less likely to be challenged afterward in the manner suggested by the majority. This case is such an example: a notice requirement might have prevented the district court from imposing the occupational restriction that the majority now finds it necessary to reverse. Furthermore, not only would the notice requirement be a more efficient means of allocution by allowing the defendant to effectively comment at the sentencing hearing, the notice requirement would also protect the defendant's due process rights to a greater extent than the means suggested

by the majority because those means arise after the sentence has already been imposed.

For these reasons, I respectfully dissent.