IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10660
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

KENNETH RAY WRIGHT,

                              Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
- - - - - - - - - -
June 5, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Kenneth Ray Wright appeals his conviction for bank robbery and using and carrying a firearm in relation to a crime of violence. He contends, for the first time on appeal, that the district court erred by intervening in the trial proceedings to such an extent that it assumed the role of the prosecution; and by refusing to allow him to present surrebuttal evidence to refute testimony regarding his reputation for untruthfulness presented by government rebuttal witnesses.  Finally, Wright contends that the imposition of mandatory drug testing as a condition of his supervised release violated his rights under the Fourth Amendment and was an abuse of the district court's discretion.

A thorough review of the entire trial transcript reveals that questioning by the district court, although considerably more extensive than normal, did not constitute plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995).

It is not clear that Wright was denied surrebuttal.  Nor did the district court abuse its discretion if it did deny Wright surrebuttal because Wright "failed to proffer to the district court the substance of his surrebuttal testimony."  United States v. Alford, 999 F.2d 818, 821 (5th Cir. 1993).

The requirement of drug testing imposed during Wright's period of supervised release is not plain error.  See Calverley, 37 F.3d at 162-64.  The district court only imposed the condition mandated by 18 U.S.C. § 3583(d).  That condition serves the legitimate purpose of enforcing the general condition requiring supervisees to refrain from unlawful use of controlled substances.  Persons on supervision do not enjoy absolute liberty but only conditional liberty dependent upon observance of special conditions.  Griffin v. Wisconsin, 483 U.S. 868, 874 (1987).  There is no Fourth Amendment violation.

AFFIRMED.