UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30101
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS TURCK COENEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
_____

February 18, 1998

Before POLITZ, Chief Judge, GARWOOD, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

In appealing his sentence for transmission of child pornography, Douglas Turck Coenen challenges the special conditions of supervised release requiring community notification of his conviction, claiming also that the district court did not give notice that it might impose them. We **AFFIRM**.

I.

Having pled guilty to four counts of transmission of child pornography, in violation of 18 U.S.C. § 2252(a)(1), Coenen was sentenced to 33 months imprisonment and three years supervised release on each count, to be served concurrently. In addition to the standard conditions of supervised release, the district court imposed, *inter alia*, special conditions. This was done pursuant to

a recommendation from the social worker who interviewed Coenen during the pre-sentence investigation, and found that he met the diagnostic criteria of pedophilia ("recurrent, intensely sexually arousing ... behaviors generally involving ... children ... that occur over a period of at least 6 months" that "could be said to cause clinical[] impairment in social and occupational, or other important areas of functioning").

The special conditions are:

> 3.    As directed by the probation officer, the defendant shall give notice of the crime for which he was convicted and his name and address to:
>
> a.    The chief of police in the municipality and the sheriff of the parish in which the defendant will reside.    The defendant shall register with the sheriff of the parish in which he will reside.
>
> b.    All people who live within a one mile radius (rural area), and a three square block area (urban/suburban area) of defendant's residence after release.
>
> c.    The superintendent of the school district where the defendant will reside.    The superintendent will notify the principal of any school he deems necessary of this information.
>
> Above notifications must be given by mail within 30 days of release on supervision and/or within 30 days of setting up residence in that locale and shall be at the defendant's own expense.
>
> 4.    As directed by the probation officer, the defendant shall publish notice in the official journal of the governing authority of the parish where the defendant plans to reside on two separate days within the 30 days of setting up residence in that local[e].    The notice shall be published at the defendant's own expense.

> 5. As directed by the probation officer, the defendant shall give notice as deemed appropriate, such as signs, handbills, bumper stickers, clothing labels, and door-to-door oral communication. The notice shall be at the defendant's own expense.

The notification conditions were based on the provisions of the Louisiana Registration of Sex Offenders Act, LA. R.S. 15:542, which requires a convicted sex offender to register with law enforcement authorities and to provide notice of his crime of conviction, name, and address to neighbors and the superintendent of the school district in which he resides, for a period of ten years following release from imprisonment. LA. R.S. 15:542(B)(1). It is undisputed that the Louisiana Act does not apply to Coenen as a federal offender.

## II.

Coenen challenges the community notification conditions. In that regard, he also contends that he was entitled to notice that the court was considering imposing them.

Special conditions of supervision are reviewed for abuse of discretion. Along this line, "[s]ection 5D1.3 of the Guidelines gives a sentencing court *broad discretion* to impose conditions on supervised release if they are reasonably related to (1) the nature and circumstances of the offense, (2) the need for adequate deterrence of further criminal conduct, and (3) the need to protect the public." *United States v. Mills*, 959 F.2d 516, 519 (5th Cir. 1992) (emphasis added).

The foregoing language from *Mills* reflects that, in addition to certain mandatory conditions of supervised release, sentencing

- 3 -

courts are authorized to "order, as a further condition of supervised release", the discretionary conditions of probation set forth in 18 U.S.C. § 3563(b)(1)–(10) and (12)–(20) (*which do not provide for any community notification requirements*), as well as "any other condition it considers to be appropriate",

to the extent that such condition

(1) is reasonably related to the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)....

18 U.S.C. § 3583(d).

Thus, a special condition must be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant", 18 U.S.C. § 3553(a)(1); and must involve no greater deprivation of liberty than is reasonably necessary in the light of the need "to afford adequate deterrence to criminal conduct", 18 U.S.C. § 3553(a)(2)(B), "to protect the public from further crimes of the defendant", 18 U.S.C. § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner", 18 U.S.C. § 3553(a)(2)(D).

The Sentencing Guidelines track the statute, *see* U.S.S.G. § 5D1.3; and a policy statement sets forth recommended conditions of

supervised release, *see* U.S.S.G. § 5B1.4 (p.s.).  Among those

recommended "standard" conditions is the following:

> [A]s directed by the probation officer, the
> defendant shall notify third parties of risks
> that may be occasioned by the defendant's
> criminal record or personal history or
> characteristics, and shall permit the
> probation officer to make such notifications
> and to confirm the defendant's compliance with
> such notification requirement.

U.S.S.G. § 5B1.4(a)(13)(p.s.). This condition was included among

the boilerplate standard conditions of supervised release included

in the judgment against Coenen.

A.

In maintaining that the district court should have given him

notice that it might require community notification, Coenen

analogizes to such notice requirements for an upward departure, and

for victim notification which, pursuant to 18 U.S.C. § 3555, may be

imposed upon a defendant found guilty of fraud.

1.

Before considering whether Coenen was entitled to notice, we

first must determine whether he properly presented this issue in

district court.  The pre-sentence investigation report (PSR) noted

that the social worker who had examined Coenen had recommended that

he be required to "comply with the sexual offender notification

regulations of the State of Louisiana", but Coenen did not object

to that portion of the PSR.  Likewise, at the sentencing hearing,

he did not object when the court announced that it "intend[ed] to

invoke the current laws that the State of Louisiana has regarding

notification of neighbors of this offense". Nor did he object at

- 5 -

sentencing when the court stated: "I think for the protection of the children that the sexual offender notification regulations of the State of Louisiana need to be invoked in this particular case once this defendant is released from custody." Finally, he did not object when the district court imposed the sentence, including the special conditions at issue.

On the other hand, Coenen's counsel apparently tried to make an objection after the district court completed imposition of the sentence. He stated, "Your Honor, let me if I can --"; but the court said "Let me just finish". Accordingly, after the court advised Coenen of his right to appeal, counsel made the following objection:

> Your Honor, let me register an objection at this time to your imposition of the notice requirements *to the extent that Part V, sentencing options, paragraph seventy through eighty of the presentence [report], did not reflect that and to the extent that they are not specifically authorized by the Guidelines or any other federal statutes that I know of* and that Your Honor is tracking the state's statutes, we would object to it on the grounds that it is a sentence that is greater than that authorized by the Guidelines or statutes, or -- and that is a condition that is not authorized by the Guidelines or statutes.

(Emphasis added.) However, counsel did not then request a continuance in order to locate and/or present evidence in opposition to the conditions. After allowing the Government to respond, the court stated why it was imposing the notification requirement.

Arguably, this objection was not sufficient to apprise the district court of Coenen's position that Rule 32 requires notice

similar to that required for an upward departure. On the other hand, neither prior to, nor when it announced its intention to impose the notification requirement, did the court ask for additional evidence or for comments on that point. (As discussed *supra* and *infra*, the evidence before the district court included the PSR and the social worker's report.) And, when the requirement was imposed, counsel did note that, in the PSR section for sentencing options, there was no suggestion for community notification.

In short, the comment by Coenen's counsel can be fairly read as being equivalent to "no notice" and that it is required. Accordingly, we find, *dubitante*, that he did sufficiently object.

2.

Federal Rule of Criminal Procedure 32(c)(1) provides, in pertinent part: "At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence". In **Burns v. United States**, 501 U.S. 129, 138 (1991), the Court held: "before a district court can depart upward *on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government*, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." (Emphasis added.) In addition, the "notice must specifically identify the ground on which the district court is contemplating an upward departure." **Id**. at 139.

- 7 -

The Court reasoned that an interpretation that did not require notice of the grounds under consideration for upward departure would be "inconsistent with Rule 32's purpose of promoting focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences". *Id*. at 137. Similarly, in ***United States v. Pankhurst***, 118 F.3d 345, 357 (5th Cir.), *cert. denied*, ___ U.S. ___, 118 S. Ct. 630 (1997), we held that the Government has the same right to pre-sentencing notice of a downward departure that ***Burns*** requires for an upward departure.

As noted, Coenen asserts that the notification conditions are analogous to an order requiring a defendant convicted of fraud or intentionally deceptive practices to give notice and explanation of the conviction to victims, pursuant to 18 U.S.C. § 3555. In that regard, 18 U.S.C. § 3553(d) requires pre-sentencing notice:

> Prior to imposing an order of notice pursuant to section 3555, ... the court shall give notice to the defendant and the Government that it is considering imposing such an order. Upon motion of the defendant or the Government, or on its own motion, the court shall—
>
> (1) permit the defendant and the Government to submit affidavits and written memoranda addressing matters relevant to the imposition of such an order;
>
> (2) afford counsel an opportunity in open court to address orally the appropriateness of the imposition of such an order; and
>
> (3) include in its statement of reasons pursuant to subsection (c) specific reasons underlying its determinations regarding the nature of such an order.

18 U.S.C. § 3553(d). Coenen maintains that similar notice should be required when a district court is contemplating imposition of community notification conditions such as those imposed upon him.

Neither party has cited, nor have we found, any cases directly on point. In *United States v. Mills*, our court considered whether pre-sentencing notice of the imposition of occupational restrictions on supervised release was required under *Burns* and Rule 32. The defendant in *Mills* pleaded guilty to charges of mail fraud and altering odometers on cars sold from his dealership. 959 F.2d at 517. The district court imposed the following occupational restriction as a special condition of supervised release:

> That defendant shall not own or operate a new or used car business during the term of supervised release. Defendant shall seek employment in an occupation other than automobile sales and shall not accept any employment without approval of the probation officer. Defendant shall close his current business ... within 60 days of the entry of this order.

*Id*. at 518. Mills contended that imposition of this occupational restriction constituted an upward departure, entitling him to pre-sentencing notice; he also asserted that the restriction was not necessary to protect the public from continued unlawful conduct. *Id*.

Our court concluded that the occupational restriction was not an upward departure from the Guidelines, requiring pre-sentencing notice to the defendant, but was, instead, "simply an exercise of the district judge's authorized discretion to impose additional terms of probation or supervised release". *Id*. at 519. The court

distinguished **Burns** on the basis that it involved a situation "in which the court[s] imposed a term of confinement exceeding the maximum range set forth in the Guidelines' sentencing table." **Id**.

> We do not believe it to be in the interest of justice or the efficient administration of the sentencing process to extend the notice requirements of **Burns** to cases where the *defendant's term of confinement is not at stake.* Requiring trial judges to give prior notice of their intent to impose an occupational restriction would only further encumber the lengthy sentencing process without adding anything to defendant's existing procedural protections.

**Id**. (emphasis added).

Along this line, our court reasoned that it would be "impractical to require a sentencing judge to give detailed notice of an intended sentence before" the sentencing hearing and that, "[i]f either side is dissatisfied with the proposed sentence, counsel can request a continuance for further preparation"; if a continuance is denied, "counsel can move for reconsideration or modification after the sentence is imposed, 28 U.S.C. § 2255, and failing success at the district court level, can appeal." **Id**. In sum, our court upheld the condition requiring Mills to seek employment in an occupation other than automobile sales, but concluded that the record did not warrant imposition of the condition requiring Mills to sell his business. **Id**. at 519-20.

In **United States v. Edgin**, 92 F.3d 1044 (10th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 714 (1997), the Tenth Circuit considered the propriety of a special condition of supervised release preventing the defendant from contacting his

son.  *Id*. at 1048.  The defendant challenged the condition for the first time on appeal.  Because the condition was imposed after the court had resolved all of the objections to the PSR and after the defendant had made a final statement, and the defendant was given no notice of or opportunity to comment on the condition, the court concluded that the defendant's "attack on the special condition was not waived by his failure to assert it below".  *Id*. at 1049 (citing *Burns*, 501 U.S. at 134, and FED. R. CRIM. P. 32).  It is not clear what type of notice would be required under *Edgin*, because the court addressed the lack of notice only in the context of whether the defendant had preserved his challenge to the imposition of the special condition.  However, it may well be that the court's citation to *Burns* and Rule 32 indicates that it believed that at least some pre-sentencing notice was required.

The Government asserts that *Mills* is controlling, citing our court's conclusion that it is not "in the interest of justice or the efficient administration of the sentencing process to extend the notice requirements of *Burns* to cases where the defendant's term of confinement is not at stake." *Mills*, 959 F.2d at 519.  At issue in *Mills*, however, was an occupational restriction that is quite dissimilar to — indeed, far less invasive than — the community notification conditions at issue.  Arguably, the "term of confinement is not at stake" language is dicta; it was not necessary in order to dispose of the specific item in issue.  *See F.D.I.C. v. Enventure V*, 77 F.3d 123, 125 (5th Cir. 1996) (statements which are not necessary to the holding of a case are

dicta); *United States v. Nixon*, 777 F.2d 958, 966 (5th Cir. 1985) (same).  In any event, the Guidelines make specific provisions for occupational restrictions such as the one imposed in *Mills*, *see* U.S.S.G. § 5F1.5, and the commentary to § 5F1.5 *does not* contemplate or require pre-sentencing notice.

Likewise, as noted, the Guidelines policy statement recommends as a standard condition of supervised release the notification of third parties of "risks that may be occasioned by the defendant's criminal record or personal history or characteristics", U.S.S.G. § 5B1.4(a)(13) (p.s.).  But, that general statement does not expressly contemplate imposition of far-reaching conditions of community notification such as those imposed in this case.

Section 5F1.4 is the only other pertinent provision in the part of the Guidelines dealing with "Sentencing Options".  It provides that the court may order the defendant to pay the cost of giving the earlier mentioned 18 U.S.C. § 3555 notice to victims (as discussed, § 3555 provides that, in cases where a defendant has been convicted of an offense involving fraud or intentionally deceptive practices, the court may order the defendant to "give reasonable notice and explanation of the conviction" to victims of the offense).  The commentary to § 5F1.4 states that, "[i]f an order of notice to victims is under consideration, the court must notify the government and the defendant", as required by 18 U.S.C. § 3553(d).  U.S.S.G. § 5F1.4, comment.

We agree with Coenen that the notification conditions at issue, which include not only notice to law enforcement officials,

neighbors, and school officials, but also, *if the probation officer so directs*, signs, handbills, bumper stickers, clothing labels, and door-to-door oral communication, are far more analogous to an upward departure or to the § 3555 notice to victims that may be imposed in cases in which the defendant has been convicted of fraud, both of which require pre-sentencing notice, than to the occupational restriction imposed in **Mills**, which does not require such notice. And, because the type of notification provisions imposed in this case are not expressly contemplated by the Guidelines, we believe that requiring pre-sentencing notice will serve to greatly further Rule 32's "purpose of promoting focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences". *See* **Burns**, 501 U.S. at 137; *see also* **United States v. Edgin**, 92 F.3d at 1048 (remanding case for district court to state reasoning for *sua sponte* imposition of special condition prohibiting defendant from contacting his son, because special condition implicates defendant's liberty interest in maintaining his familial relationship with his son).

Accordingly, Coenen was entitled, under Rule 32 and **Burns**, to receive reasonable pre-sentencing notice that such notification provisions were under consideration.

3.

The Government responds, in the alternative, that Coenen had actual knowledge of the possibility that the court would order community notification and, therefore, had ample notice/opportunity to be heard. In **Burns**, the Court did not address the question of

the timing of reasonable notice, or specify a uniform procedure for how such notice was to be given. *See* **Burns**, 501 U.S. at 135, 139 n.6. It stated, however, that "[i]n the ordinary case, the presentence report or the Government's own recommendation will notify the defendant that an upward departure will be at issue and of the facts that allegedly support such a departure." *Id*. at 135. As emphasized *supra*, the Court held that notice was required before a district court "can depart upward on a ground *not identified ... either in the presentence report or in a prehearing submission by the Government*". *Id*. at 138 (emphasis added).

Our court, as well as others, have interpreted **Burns** to require notice either from the court, the PSR, or a pre-hearing submission by the Government. *See* **Pankhurst**, 118 F.3d at 357 ("Under **Burns**, Rule 32 requires that, before a district court may depart upward, the defendant must have notice, either in the PSR (see Rule 32(b)(4)(B)), or in a pre-hearing submission by the Government, or from the court."); **United States v. Singleton**, 49 F.3d 129, 135 (5th Cir.) (defendant received sufficient notice of possible departure where both PSR and government's motion for upward departure "identified the grounds for departure upon which the district court ultimately relied"), *cert. denied*, ___ U.S. ___, 116 S. Ct. 324 (1995); **United States v. Doucette**, 979 F.2d 1042, 1047 n.4 (5th Cir. 1992) (PSR's "reference to criminal history as a potential ground for upward departure ... clearly satisfies the notice requirement set out in **Burns**"); **United States v. Ewing**, 129 F.3d 430, 436-37 (7th Cir. 1997) ("Of course, a presentence report

listing specific factors that may warrant an upward departure provides adequate notice.").

As noted, in the section entitled "Offender Characteristics", the PSR reported that the examining social worker had recommended that Coenen be required to comply with Louisiana's sexual offender notification regulations. But, the section entitled "Sentencing Options" (paragraphs 70-80, referred to, and relied upon, by Coenen in his district court objection) does not contain any reference to notification conditions in the subsection discussing the statutory and Guidelines provisions for supervised release.

We question whether the PSR's reporting of the social worker's recommendation was adequate to give Coenen reasonable notice that community notification was being considered by the district court. But, we need not so decide; the record contains other information indicating that Coenen had actual knowledge of the possibility that those conditions would be imposed.

The social worker's report reflects that Coenen was informed of the report and the social worker's findings on 22 November 1996 (more than a month prior to the 3 January sentencing hearing). In addition, the probation officer informed Coenen in a telephone conversation on 5 December 1996 that it was possible that the notification requirements would be imposed; she also discussed this possibility with Coenen's attorney (replaced before sentencing by another) several times during the pre-sentence investigation.

Thus, even assuming that the PSR was insufficient to notify Coenen that the notification conditions were under consideration,

Coenen and his attorney were given notice through these other means. Such actual knowledge satisfies the "reasonable notice" requirements of Rule 32 and *Burns*.

B.

Turning to the merits, it bears repeating that, pursuant to 18 U.S.C. § 3583(d), a special condition of supervised release must be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant", 18 U.S.C. § 3553(a)(1); and must involve no greater deprivation of liberty *than is reasonably necessary in the light of the need* "*to afford adequate deterrence to criminal conduct*", 18 U.S.C. § 3553(a)(2)(B), "*to protect the public from further crimes of the defendant*", 18 U.S.C. § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner", 18 U.S.C. § 3553(a)(2)(D). (Emphasis added.)

Coenen asserts that the damage to his reputation and the invasion of his right to privacy which accompanies notification implicates a protected liberty interest; that notification will subject him to harassment, possible vigilante reprisals, loss of employment, and banishment; and that the conditions effectuate a far greater deprivation of that liberty interest than is reasonably necessary for purposes of deterrence, protection of the public, or rehabilitation. In this regard, he maintains that the imposition of the conditions was an abuse of discretion, claiming in support that his conviction for transmitting child pornography on the

Internet was not a violent offense and that there is no evidence that he has ever engaged in, or had any interest in engaging in, sexual activity with children.

We conclude that the district court did not abuse its discretion in determining that the notification conditions are reasonably related to Coenen's history and characteristics, and the nature and circumstances of his offenses. Coenen told the agents who searched his residence that he began collecting and trading child pornography approximately seven months earlier, in January 1996; that he had uploaded into and downloaded child pornography from several news groups on the Internet; and, for that relatively short period of time, that he had 1,000 or more images of child pornography on his computer hard drive.

In addition, Coenen admitted to the interviewing social worker that he found children in photographs as attractive as adults; and that he continued to have an interest in sexually explicit photographs of children. (Militating against this is his telling the probation officer during the pre-sentence investigation that he was getting bored with the photographs and had planned, before the search warrant was executed, to delete the material from his hard drive. But, as discussed *infra*, this could mean that, no longer satisfied with pictures, Coenen would start molesting or otherwise assaulting children.) Although the social worker reported that Coenen "has displayed no behaviors, that I have seen clinically, in what may be termed a predatory pedophile", he also stated that Coenen "does seem to have many features associated with the

Diagnostic & Statistical Manual, IV (DSM,IV) diagnostic criteria of Pedophilia". As stated, the social worker concluded that Coenen "indicate[d] a recurrent, intensely sexually arousing behaviors [*sic*] generally involving children that occur over a period of at least 6 months ... [and] could be said to cause clinical[] impairment in social and occupational, or other important areas of functioning".

Although the social worker reported that Coenen had no access to children, "does not baby-sit any children nor does he like to", and that he did not seem to have offended any children, Coenen testified at sentencing that a woman who had a small female child had lived with him and that he had "baby-sat other children over the years". We note also that agents executing the search warrant at Coenen's residence seized a pair of girl's underwear; Coenen told them that he did not know where it came from. Coenen also told them that he expected them to find one or two photographs of a nude child, which had been taken in his residence, but that he did not take them and did not know how they were in his home. The photographs were not located during the search.

We conclude also that the district court did not abuse its discretion in determining that the conditions involve no greater deprivation of liberty than is reasonably necessary in the light of the sentencing goals of deterrence and protection of the public. The district court found that Coenen "has very serious mental problems and I believe the public-at-large, particularly young children, are at risk when they are around him"; that it did not

know whether Coenen's "boredom" with pictures meant that he would start molesting children, but could not take that chance; and that, "if something is not done, he is going to hurt some children". The court stated that the community notification conditions were necessary "for the protection of the children ... once this defendant is released from custody", and concluded that it "would be an injustice to a lot of potential injured children that this man could come in contact with" not to require notification.

Coenen asserts that the notification conditions will serve primarily to shame, humiliate, and further isolate him, rather than furthering his reintegration back into society to become a productive citizen. These concerns have been recognized by others. *See* ***Artway v. Attorney General of New Jersey***, 81 F.3d 1235, 1266 (3d Cir. 1996) (such notification may subject defendants to ostracism, "possible vigilante reprisals and loss of employment"); ***Doe v. Pataki***, 940 F. Supp. 603, 625-26 (S.D.N.Y. 1996) (such notification is "the modern-day equivalent of branding and shaming", which may result in "banishment of sex offenders both literally and psychologically", making it "difficult if not impossible for them to reintegrate into society"), *aff'd in part and rev'd in part*, 120 F.3d 1263 (2d Cir. 1997).

On the other hand, as the Government points out, the conditions require the release of limited information: Coenen's name, address, and the crime for which he was convicted — transmission of child pornography, *not assaults on children*. In this regard, his name and conviction are already matters of public

record.  And, as the Government points out, much of the stigma and community reactions feared by Coenen would not be directly attributable to the conditions of his supervised release, but to the crime he committed.  *See* **Doe v. Pataki**, 120 F.3d 1263, 1280-81 (2d Cir. 1997); **E.B. v. Verniero**, 119 F.3d 1077, 1099-1100 (3d Cir. 1997).  Moreover, although Coenen will be required to publish notice in the newspaper following his release, the conditions require direct notification by mail only to law enforcement officials and to individuals whose proximity to Coenen may make their children particularly vulnerable.

Additional notification (such as signs, handbills, bumper stickers, clothing labels, and door-to-door oral communication) is required *only if the probation officer deems it to be appropriate and necessary*.  Toward that end, the district court stated:  "[I]f things work out and [Coenen] goes through therapy and he is out on probation and he is doing everything he is supposed to do, and the probation officer believes that this is no longer necessary, you can always modify these conditions".  As no such additional notification has yet been required, and we have no indication any will be, the propriety of any particular form or manner of additional notification, or the circumstances which might justify it, is not now before us.

In sum, the notification conditions are consistent with the Guidelines policy statement, which contemplates notification to "third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics".  U.S.S.G.

§ 5B1.4(a)(13)(p.s.).  In the light of the nature and circumstances of the offense and the social worker's report concerning Coenen's personal history and characteristics, the district court did not abuse its broad discretion in finding that children might be at risk, and that, therefore, community notification is necessary to protect them from such risks.

## III.

For the foregoing reasons, the sentence is

*AFFIRMED.*