**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-30705**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JASON BYNUM, also known as Jason James Bynum,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(97-CR-50066-ALL)**

_____

July 9, 1999

Before KING, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to threatening to kill a person protected by the United States Secret Service, in violation of 18 U.S.C. § 879, and the supervised release portion of his sentence including a special condition prohibiting him from being in the same town as anyone whose life he has threatened, Jason Bynum maintains that the special condition was an upward departure, entitling him to pre-sentencing notice; and that the condition is improper. Neither issue was raised in district court. There being no plain error, we **AFFIRM**.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

## I.

Bynum has an extensive history of mental health problems and treatment. While incarcerated, he made threats against the President and others protected by the Secret Service. He pleaded guilty to one of 26 counts. Moreover, he has threatened to kill his entire family and about 80 others.

Bynum was sentenced in 1998 to 27 months in prison, followed by supervised release for a year. His supervised release special conditions include submitting to mental health treatment as directed by the probation officer, not having unsupervised contact with his sister, and not living or otherwise being, "in the same town as anyone he has threatened".

## II.

At issue is whether the residential restriction is an upward departure, entitling Bynum to pre-sentencing notice; and whether the restriction is improper.

Permissible conditions for supervised release, found at 18 U.S.C. § 3583(d), must (1) be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(D); (2) involve no greater deprivations of liberty than are reasonably necessary for the purposes set forth in § 3553(a)(2)(B)-(D); and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a). *See* 18 U.S.C. § 3583(d)(1)-(3).

The court is to consider, under the referenced § 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant; under the referenced § 3553(a)(2)(B)-(D), the need to adequately deter criminal conduct, protect the public from further crimes, and provide rehabilitation for the defendant.

And, under § 3583(d), the district court may impose additional conditions of supervised release, set forth as discretionary conditions of probation in 18 U.S.C. § 3563(b)(1) through (b)(10) and (b)(12) through (b)(20). Such discretionary conditions include prohibitions against frequenting specified kinds of places or from associating unnecessarily with specified persons, 18 U.S.C. § 3563(b)(6), and requiring residing, or refraining from residing, in a specified location. 18 U.S.C. § 3563(b)(13).

United States Sentencing Guideline § 5D1.3 reflects the statutory mandate of § 3583. *See United States v. Coenen*, 135 F.3d 938, 940 (5th Cir. 1998). The Guideline also provides certain recommended special conditions for supervised release. *See id.* But, absent is any reference to residential restrictions. *See* U.S.S.G. § 5D1.3. Thus, § 3583, addressing supervised release, incorporates by reference the § 3563 conditions of probation to apply likewise as special conditions of supervised release; but, the Guidelines do not. *Compare* 18 U.S.C. § 3583(d), *with* U.S.S.G. § 5D1.3.

Ordinarily, imposition of a supervised release condition is reviewed for abuse of discretion. *See **United States v. Mills***, 959 F.2d 516, 519 (5th Cir. 1992). However, Bynum objected neither to lack of notice, nor to the imposition of the special term. Accordingly, we review only for plain error. *See, e.g., **United States v. Milton***, 147 F.3d 414, 420 (5th Cir.), *rehearing and suggestion for rehearing en banc denied*, 157 F.3d 905 (5th Cir. 1998). "[W]e will reverse for plain error if (1) there is error, (2) that is clear or obvious, and (3) affecting substantial rights. And, even then, we have discretion to correct such errors; generally, we will do so only if they 'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'" ***Id.*** (quoting ***United States v. Calverley***, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc),*cert. denied*, 513 U.S. 1196 (1995)). (The Government urges such review; Bynum does not respond. Of course, no authority need be cited for the rule that we, not the parties, determine the appropriate standard of review. Nevertheless, Bynum's silence on this point speaks volumes.)

## A.

In determining whether FED. R. CRIM. P. 32 pre-sentencing notice to Bynum was required, we must look to whether the residential

restriction was an upward departure; such departure mandates such notification. **Burns v. United States**, 501 U.S. 129, 138-39 (1991).

Our court concluded in **Coenen** that a community notification condition was so far-reaching as to be tantamount to an upward departure, requiring notice. *See* **Coenen**, 135 F.3d at 943. In other words, notice is required for a supervised release condition not expressly contemplated by the Guidelines. *Id.* On the other hand, a special condition so contemplated is simply not an upward departure, "because it falls within the range of sentencing conditions available to the court under the Guidelines"; therefore, notice is not required. **Mills**, 959 F.2d at 518-19.

For purposes of this opinion, because we are reviewing *only* for plain error, it is *not* necessary to determine whether the restriction is an upward departure. Instead, because there is *no* plain error if the putative error was neither "clear" nor "obvious", we first need only to engage in that part of the four-part plain error analysis. *See* **Calverley**, 37 F.3d at 162-64 (forfeited errors corrected on appeal only if, *inter alia*, "clear" or "obvious"). Restated, if the restriction is arguably permitted, then it cannot be an "obvious" or "clear" error not to consider it an upward departure and, concomitantly, not to give Rule 32 notice.

As noted, although the restriction is not included in the Guidelines' discussion, it is referred to in the statute. *See* U.S.S.G. § 5D1.3; 18 U.S.C. § 3583. At § 5B1.3(a)(2), the

Guidelines refer to residential restrictions under terms of *probation*, but do not incorporate this term to include supervised release conditions as is done in the § 3583 statutory scheme.

Even though residential restrictions are statutorily permitted, Bynum asserts that the Guidelines' silence on the same point translates into the restriction being an upward departure. Consequently, he maintains that, pursuant to Rule 32, he was entitled to notice of the court's intention to impose the restriction. If Bynum is correct, then he should have received notice and had the opportunity to comment on the departure and perhaps submit testimony or other evidence challenging the scope of the condition and whether it was reasonably related to the sentencing goals of public protection, deterrence, and rehabilitation.

Bynum claims that his situation is similar to **Coenen**, 135 F.3d at 942, in which our court stated that a special condition, which required expansive community notification by a defendant convicted of possessing child pornography, was "analogous" to either an upward departure or to the statutory requirement of notice to the defendant when the district court is considering requiring notice to third parties. Bynum maintains that the residential restriction is similar to the **Coenen** notification requirement.

*Coenen* is distinguishable in several respects.  First, the community notification condition was far more expansive than the restriction at issue.  The *Coenen* special condition required

> not only notice to law enforcement officials, neighbors, and school officials, but also, *if the probation officer so direct[ed]*, signs, handbills, bumper stickers, clothing labels, and door-to-door oral communication....

*Id.* at 943 (emphasis in original).  On the other hand, Bynum is simply prohibited, for a period of one year following release from prison, from being in the same town as any of the persons he has threatened.  This is hardly as onerous as the *Coenen* condition.

Further, our court noted in *Coenen* that § 3553(d) and Guideline § 5F1.4 directed the district court to notify the Government and the defendant if it was considering imposing notice to victims.  *Id.*  There is no comparable statutory or Guidelines provision requiring notice in this case.

Instead, this case is closer to *Mills,* 959 F.2d at 517-18, involving a special condition forbidding the defendant from working in the automobile business after he pleaded guilty to charges in connection with turning back the odometers on vehicles he had sold. Mills asserted on appeal that the occupational restriction was an upward departure, requiring notice.  *Id.* at 518.  Our court held otherwise, noting that Guideline § 5F1.5 authorized the district court to impose such a restriction; requiring such notice would undermine the efficient administration of the sentencing process;

and Mills' term of confinement was not at stake. *Id*. at 518-19. (As stated in **Coenen**, "[a]rguably, the 'term of confinement is not at stake' language [in **Mills**] is dicta; it was not necessary in order to dispose of the specific item in issue". **Coenen**, 135 F.3d at 943.)

Although the Guidelines fail to mention a residential restriction as a special condition, they do mention such restrictions in § 5B1.3(a)(2), which discusses conditions of probation, which is analogous to supervised release. More importantly, as noted, § 3583(d) states that the district court may, in its discretion, impose a condition that is set forth in § 3563(b)(12) through (b)(20); § 3563(b)(13) provides that a defendant may be required to "reside in a specified place or area, or refrain from residing in a specified place or area". Thus, § 3583, which provides the statutory basis for supervised release, authorizes a residential restriction as a special condition of supervised release.

Again, because Bynum did not object to the lack of notice, we review this issue only for plain error. It is quite arguable that the residential restriction is *not* an upward departure. Therefore, failure to give pre-sentencing notice was neither an "obvious" or "clear" error. In short, there was no plain error.

Bynum challenges the propriety of the residential restriction. Once again, because he did not present this issue in district court, we review only for plain error. *See, e.g., **United States v. Ravitch***, 128 F.3d 865, 869 (5th Cir. 1997); ***United States v. Wright***, 86 F.3d 64, 65 (5th Cir. 1996).

Bynum having threatened to kill many people, including family members, it is reasonable to conclude that, in the interests of public safety, he should be kept apart from those so threatened, even though it interferes with his liberty interests. *See **United States v. Bird***, 124 F.3d 667, 684 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1189 (1998) (defendant's conviction for violent activity under the Freedom of Access to Clinic Entrances Act constitutes sufficient governmental interest to justify temporary limitation on his First Amendment rights); ***Wright***, 86 F.3d at 65 (persons on supervised release do not enjoy absolute liberty but only conditional liberty dependent upon observance of special conditions).

Bynum, however, asserts that his situation is similar to ***United States v. Edgin***, 92 F.3d 1044, 1046-47 (10th Cir. 1996), *cert. denied*, 519 U.S. 1069 (1997), in which the defendant pleaded guilty to threatening the boyfriend of his son's mother. As a supervised release condition, the court ordered the defendant to refrain from contact with his son. ***Id.*** at 1047. The Tenth Circuit

remanded for the district court to state its reasoning for imposing this condition, noting that "a father has a fundamental liberty interest in maintaining his familial relationship with his son". *Id.* at 1049.

Bynum asserts that he has a similar liberty interest in seeing his family. However, his situation is quite distinguishable from that in *Edgin*, to say the least. In *Edgin*, the defendant's son was not the object of the defendant's threats, so protecting him was not an issue. Bynum's family has been the subject of his threats.

Contending that his liberty interest outweighs any interests in deterrence, protection of the public, or rehabilitation that may be furthered by the imposition of the restriction, Bynum maintains that he is not a prototypical violent offender, he was not convicted of a violent offense, and there is no finding in the PSR that he will be a future danger to society, but forbidding him from living near his family will cause him further alienation and hinder his chances of rehabilitation. In this regard, the PSR noted that Bynum has made repeated threats against many persons, including his entire family, and that he was twice charged with sexually assaulting his younger sister (again, one of the uncontested special conditions is his not contacting his sister except under supervision).

In the light of this information, any error in imposing the restriction was neither "clear" nor "obvious". Again, there was no plain error.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED.*