IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40166
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY BROOKS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(B-99-CR-378-1)
--------------------
December 11, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Timothy Brooks appeals his conviction and sentence for transporting child pornography in foreign commerce in violation of 18 U.S.C. § 2252(a)(1). Brooks first asserts that, because his indictment did not allege his prior sexual abuse conviction, his sentence of 30 years under 18 U.S.C. § 2252(b)(1) is illegal; that he should be subject to only the fifteen-year statutory maximum under 18 U.S.C. § 2252(a)(1). Brooks acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1998), but maintains that the Supreme Court's recent decision in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362 (2000), suggests that the Court should and may well overrule Almendarez-Torres. Brooks admittedly failed to raise this issue in the district court, so we review it for plain error. See United States v. Von Meshack, 225 F.3d 556, 575 (5th Cir. 2000).

In Almendarez-Torres, the Supreme Court held that 8 U.S.C. § 1326(b)(2), which increases the maximum sentence for an alien who illegally reentered the United States if his deportation followed an aggravated felony conviction, sets forth a sentencing factor and not a separate criminal offense that must be alleged in the indictment. 523 U.S. at 235. Although the Apprendi majority noted that "it is arguable that Almendarez-Torres was incorrectly decided," the Court did not overrule that case. See 120 S. Ct. at 2362; United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000). Rather, the Court in Apprendi confirmed that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63 (emphasis added). Read in conjunction with prior jurisprudence, the Apprendi decision "clearly indicates that a fact which must be proved to the jury is an element of the offense that must also be alleged in the indictment." Von Meshack, 225 F.3d at 575 n.15 (citing Apprendi, 120 S. Ct. at 2368 (Thomas, J., concurring); Jones v. United States, 526 U.S. 227, 232 (1999)). As Brooks's increased sentence is based on his prior conviction, that fact was

2

not an element of his offense that had to be alleged in his indictment and found by the jury. Consequently, Brooks's sentence was not illegal. See Apprendi, 120 S. Ct. at 2362-63.

Brooks also challenges the special supervised release condition prohibiting him from "frequent[ing], enter[ing], or remain[ing] in any place, public or private, where children are known to frequent, gather or congregate." Brooks contends that the condition is unconstitutionally vague because he cannot determine with certainty where he is or is not allowed to go. He also contends that the condition is overly broad, in that it involves a greater deprivation of liberty than is reasonably necessary to afford adequate deterrence or to protect the public.

A district court may impose a discretionary condition of supervised release if it is consistent with the discretionary probation condition that a defendant refrain from frequenting specified kinds of places or from associating unnecessarily with specified classes of persons, as well as any other supervised release condition the court considers to be appropriate. See 18 U.S.C. §§ 3563(b)(6), 3583(d). Te supervised release condition must, however, meet two criteria. First, the condition must be reasonably related to (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the need "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B); (3) the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C); and (4) the need "to provide the defendant with

3

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D). Second, the condition must involve no greater deprivation of liberty than is reasonably necessary in light of the factors stated in 18 U.S.C. § 3553(a)(2)(B)-(D). See 18 U.S.C. § 3583(d). The district court's imposition of a special condition of supervised release is reviewed for abuse of discretion. United States v. Coenen, 135 F.3d 938, 940 (5th Cir. 1998).

Construing the condition disputed by Brooks to reach only those activities that would reasonably relate to his documented history of seeking out children to photograph or sexually abuse at places where children are known to gather, in light of his instant offense of transporting child pornography in foreign commerce and the need to protect his vulnerable potential victims, the condition provides him sufficient notice of the proscribed conduct and is not unconstitutionally vague on its face. See 18 U.S.C. §§ 3553(a)(2)(B)-(D), 3583(d); see also United States v. Schave, 186 F.3d 839, 843-44 (7th Cir. 1999); United States v. Romero, 676 F.2d 406, 407-08 (9th Cir. 1982).

Brooks's related argument that the disputed condition involves a greater deprivation of liberty than is reasonably necessary is based on his overly literal interpretation of the wording of the condition as prohibiting him from going to "all of the places that he must frequent in order to survive," such as grocery stores, public transportation centers, clothing stores, shopping centers, doctor's offices, and hospitals. Given our forgoing construction,

4

however, the condition is an appropriate and reasonably necessary deprivation of Brooks's liberty in light of the need to afford adequate deterrence and to protect the public.  See Coenen, 135 F.3d at 945; United States v. Bee, 162 F.3d 1232, 1235-36 (9th Cir. 1998).  The district court did not abuse its discretion in imposing this special supervised release condition.  See Coenen, 135 F.3d at 940.

The district court's judgment of conviction and its sentence are, in all respects,

AFFIRMED.