IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10378
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RICHARD STAMPS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-312-1-T
--------------------
December 21, 2001
Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Richard Stamps appeals his sentence and conditions of supervised release following sentence imposed for violating supervised release. He argues that the term of imprisonment he received after his supervised release was revoked violates the Double Jeopardy Clause. Stamps concedes that, because he did not challenge the revocation on these grounds in the district court, this court reviews it for plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. Calverley,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). This alleged error does not amount to plain error because this court has not addressed the issue directly. See Johnson v. United States, 520 U.S. 461, 467-68 (1997); United States v. Webster, 162 F.3d 308, 357 (5th Cir. 1998); Calverley, 37 F.3d at 162.

Stamps's argument that the sentence he received was in violation of the Due Process Clause because he was not found guilty beyond a reasonable doubt fails. See United States v. Grandlund, 71 F.3d 507, 509 (5th Cir. 1996); 18 U.S.C. § 3583(e)(3). Likewise, his argument that the evidence was insufficient to convict him does not amount to plain error given the testimony of his probation officer.

Stamps correctly states that the district court's oral pronouncement that Stamps had not violated the special condition of supervised release which required him to participate in a substance abuse program prevails over the written judgment. See United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001).

Last, Stamps's arguments about the conditions of release imposed in his second term of supervised release are without merit because the conditions are reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(D); involve no greater deprivations of liberty than are reasonably necessary for the purposes set forth in § 3553(a)(2)(B)-(D); and are be consistent with any pertinent policy statements issued by

the Sentencing Commission pursuant to 28 U.S.C. § 994(a).  United States v. Coenen, 135 F.3d 938, 940 (5th Cir. 1998); 18 U.S.C. § 3583(d)(1)-(3).

The revocation of Stamps's supervised release and sentence are AFFIRMED.  Stamps's motion to file an out-of-time reply brief is DENIED.