# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41591
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO BENAVIDES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-359-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Eduardo Benavides was convicted by a jury of possession with intent to distribute cocaine. He was sentenced to a within-guidelines sentence of 120 months imprisonment and five years supervised release. He contends on appeal that his conviction should be reversed because there was insufficient evidence to prove he had knowledge of the cocaine hidden in the secret compartment of his vehicle.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41591

Benavides moved for a directed verdict based on insufficient evidence at the close of the government's case, but did not renew his motion at the close of all the evidence.  We therefore review the sufficiency of the evidence for a manifest miscarriage of justice.  *See United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008).  We will reverse only if "the record is devoid of evidence of guilt or . . . the evidence is so tenuous that a conviction is shocking."  *Id.* at 142 (internal quotation marks and citation omitted).

Testimony established that the hidden compartment required highly skilled labor and was done within "a couple days, a few days before" the search of Benavides's vehicle.  *See United States v. Moreno*, 185 F.3d 465, 472 n.3 (5th Cir. 1999).  Benavides made inconsistent statements to the Border Patrol agents regarding his employment.  *See United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990).  His lack of nervousness during the inspection of his vehicle, as well as his calm demeanor when notified about the cocaine found, could be regarded by the jury as additional evidence of his guilty knowledge.  *See United States v. Del Aguila-Reyes*, 722 F.2d 155, 158 (5th Cir. 1983)).  The substantial quantity and value of the cocaine found provides further support for the jury's verdict.  *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003).  When the evidence is viewed in the light most favorable to the government, it sufficiently establishes Benavides's guilty knowledge.  *See Salazar*, 542 F.3d at 143.

Benavides challenges the district court's imposition of a special condition of supervised release, viz., requiring him to participate in drug screening.  Benavides failed to object to the drug screening condition when it was announced at sentencing, so review is for plain error.  *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).  To demonstrate plain error, Benavides must show an error that is clear or obvious and that affects his

2

substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See id.*

Although Benavides denies a substance abuse problem, he admitted in the presentence report to regularly consuming alcohol and has a prior conviction for driving while intoxicated. *See United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002). Drug testing is mandated by 18 U.S.C. § 3583(d) and "serves the legitimate purpose of enforcing the general condition requiring supervisees to refrain from unlawful use of controlled substances." *United States v. Wright*, 86 F.3d 64, 65 (5th Cir. 1996). Benavides cannot point to any Fifth Circuit holding that a district court erred in imposing additional drug screening as a special condition of supervised release, so he cannot show plain error. *See Puckett*, 129 S. Ct. at 1429.

Benavides also contends that the district court abused its discretion in requiring him to pay, via the written judgment, the costs associated with the drug screening condition because such a cost-shifting condition was not orally pronounced at sentencing. A defendant has no opportunity to object to conditions of supervised release that are included for the first time in the written judgment, so we review the imposition of those conditions for abuse of discretion rather than plain error. *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012). "Where there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005).

We have "expressly held that imposition of the costs of drug treatment, *even if mentioned for the first time in the written judgment*, does not create a conflict between the written and oral judgments, but creates, if anything, an

No. 15-41591

ambiguity." *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003).  We have further held that "the requirement [that] a defendant bear the costs of his drug treatment is 'clearly consistent' with the court's intent that he *attend* treatment, the two judgments do not conflict and no modification of the sentence is warranted." *Id.*  There is thus no abuse of discretion on the part of the district court.  The judgment is, in all respects, AFFIRMED.