UNITED STATES of America,
Plaintiff–Appellee,

v.

Lawrence Clare GREENE,
Defendant–Appellant.

No. 99–10020.
D.C. No. CR–97–05285–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2000.*

Submission Vacated April 5, 2001.

Decided Sept. 4, 2001.

---

12. *United States v. Gaither,* 245 F.3d 1064, 1069 (9th Cir.2001) (internal citation omitted).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and TALLMAN, Circuit Judges.

## SUPPLEMENTAL MEMORANDUM **

Larry Clare Greene appeals the sentence imposed after his conviction on mail and wire fraud charges in violation of 18 U.S.C. §§ 1342 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291, we resubmit the case concurrently with the filing of this disposition, and we affirm. By separate memorandum decision previously filed we affirmed Greene's underlying conviction.

Greene contends that because he was acquitted on count 44, the district court erred by applying the loss alleged in that count toward its calculation of his offense level. We review 1) the district court's interpretation of the Sentencing Guidelines de novo; 2) the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion; and 3) the district court's factual findings for clear error. *United States v. Barnes,* 125 F.3d 1287, 1290 (9th Cir.1997).

■ Under U.S.S.G. § 1B1.3(a)(2), relevant conduct for purposes of determining a defendant's sentencing guideline range includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." A sentencing court may consider conduct even though the defendant was acquitted, so long as it has been proven by a preponderance of the evidence. *United States v. Watts,* 519 U.S. 148, 153–54, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).

■ We previously upheld Greene's conviction based on a fraudulent scheme he devised involving HIV test kits. In furtherance of this scheme Greene defrauded Empyrean Diagnostics, Inc. ("EDI") of approximately $132,560, he

fraudulently obtained some $200,000 worth of components for HIV test kits from EDI, and he received approximately $3,256 from the sale of HIV and hepatitis test kits. Greene's involvement with EDI was substantially related to the conduct supporting his conviction, all of which involved common victims, common accomplices, and the common goal of marketing bogus test kits. The district court did not err by relying on this relevant conduct in imposing an eight-level enhancement. *See, e.g., United States v. Fine,* 975 F.2d 596, 600 (9th Cir.1992) (money involved in twelve dismissed counts could be considered in determining defendant's offense level).

Greene next argues that the district court erred by applying a two-level upward departure under U.S.S.G. § 5K2.3 for extreme psychological injury. Greene asserts that the departure cannot apply because there was no evidence that anyone "suffered" any "emotional impact."

■ Upward departures are authorized when the Government proves that the defendant's conduct caused psychological harm greater than that "normally" resulting from the crime of conviction. *United States v. Chatlin,* 51 F.3d 869, 874 (9th Cir.1995). Greene posed a substantial threat to public health because he purported to provide reliable HIV screening when in fact there was no scientific basis for the test "results" he sent to customers. The Government presented testimony and letters by victims describing the psychological harm they experienced, including the statements of one person who unwittingly put a new partner at risk, and another who has lost faith in all types of mail order test kits. These psychological injuries are far more serious and lasting than those normally resulting from losing money to mail

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

and wire fraud. We affirm the upward departure. *See also United States v. Barnes,* 125 F.3d 1287 (9th Cir.1997) (affirming two-level enhancement for psychological harm where defendant fraudulently impersonated a doctor).

■ Greene disputes the two-level enhancement he received for more than minimal planning under U.S.S.G. § 2F1.1(b)(2). This enhancement applies if "the offense involved (A) more than minimal planning, or (B) a scheme to defraud more than one victim." Green qualifies on both grounds.

Under U.S.S.G. § 1B1.1(f) "more than minimal planning" means "more planning than is typical for commission of the offense in a simple form." Greene's conduct falls squarely within this definition and, additionally, the district court did not err because his scheme sought to defraud multiple victims. Greene's claim of impermissible double-counting fails because we have held that enhancements for more than minimal planning and a leadership role in the offense may be applied simultaneously. *United States v. Kelly,* 993 F.2d 702, 705 (9th Cir.1993).

■ Greene next contests the district court's application of a two-level enhancement for conscious or reckless risk of serious bodily injury pursuant to U.S.S.G. § 2F1.1(b)(4)(A). The district court's decision on whether an offense involved conscious or reckless risk of serious bodily injury under this guideline is reviewed for clear error. *United States v. Karlic,* 997 F.2d 564, 568 (9th Cir.1993). The district court did not err in finding that Greene consciously and recklessly put his customers (and their sexual partners) at risk of seriously bodily injury. Despite Greene's assertion to the contrary, there is no requirement of proof that any victim actually suffered injury. *Id.* (enhancement may apply even where no one was injured).

■ The district court also did not err by increasing Greene's offense level because he was "an organizer, leader, manager, or supervisor" under U.S.S.G. § 3B1.1(c). Evidence in the record supports a finding that Greene supervised his wife, Tsou, and his former employee, Alvarez, in furtherance of his criminal scheme. *See, e.g., United States v. Leung,* 35 F.3d 1402, 1405–06 (9th Cir.1994) (preponderance of the evidence standard applies to district court's finding that defendant played a leadership role).

Greene disputes the special assessment applied by the district court pursuant to 18 U.S.C. § 3013. The special assessment of $100 per felony went into effect for convictions on or after April 24, 1996, and Greene was convicted on all sixteen counts after that effective date. The district court did not err in imposing a special assessment of $1600.

■ Greene objects to various conditions of supervised release imposed pursuant to 18 U.S.C. § 3583. "A district court has broad discretion to impose supervised release conditions." *United States v. Lopez,* 258 F.3d 1053, 2001 WL 877287*3 (9th Cir. Aug. 6, 2001). The district court is free to impose conditions on supervised release which may not be related to the offense of conviction if they satisfy the other factors in the guidelines. *United States v. Johnson,* 998 F.2d 696, 697 (9th Cir.1993). We test the validity of a particular condition of release by asking "whether the condition imposed can reasonably be said to contribute significantly both to the rehabilitation of the convicted person and to the protection of the public." *United States v. Bahe,* 201 F.3d 1124, 1127–28 (9th Cir.2000) (quotation omitted).

■ The district court's conditions on supervised release were reasonable in light of Greene's unstable behavior and the nature and degree of his criminal conduct.

726

The requirements of mental health counseling and drug testing, for example, are appropriate in light of Alvarez's testimony that Greene had become irate and had threatened him. The district court did not err by imposing these conditions on Greene's supervised release.

Greene's motion to submit an over length reply brief is GRANTED and his sentence is AFFIRMED.

---

\* Larry G. Massanari is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.