UNITED STATES of America,
Plaintiff—Appellee,

v.

Reginald AKINS, Defendant—
Appellant.

No. 03–10053.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided June 22, 2004.

---

Rebecca C. Hardie, Keslie Stewart, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Katherine Alfieri, Esq., San Francisco, CA, Defendant–Appellant.

Before: B. FLETCHER, TROTT, and FISHER, Circuit Judges.

## MEMORANDUM *

Reginald Akins appeals his conviction and sentence for armed robbery (two counts), use of a firearm in furtherance of a crime of violence (two counts), and felon in possession of a firearm. The conviction stems from two separate robberies of the same branch of the Bank of America within less than a month. Akins raises four arguments on appeal: (1) the bank teller's in-court identification of Akins was unduly suggestive; (2) the district court abused its discretion in denying Akins's *Daubert* motion challenging fingerprint evidence; (3) the evidence against him was insufficient as a matter of law; and (4) the district court erred at sentencing in determining that Akins was a career offender

and applying an enhancement for brandishing a gun. We affirm the conviction and sentence.

## I.

■ At trial, over Akins's objection, bank teller Jennifer Navarrete identified Akins. She had not previously been asked to identify him in a pretrial lineup or photo spread. Navarrete testified that Akins looked "similar" to the man she saw climbing the fence outside the bank after the first robbery on May 24, 2001. We review for abuse of discretion the district court's decision to admit in-court identification testimony. *United States v. Dixon*, 201 F.3d 1223, 1229 (9th Cir.2000).

Akins urges us to apply the *Biggers* factors, which are used to determine whether a witness's in-court identification can still be considered reliable after police use suggestive lineup or photo identification procedures before trial. *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). However, where, as here, there was no pretrial identification, and a witness is identifying a defendant for the first time at trial, we have declined to apply *Biggers*. *United States v. Domina*, 784 F.2d 1361, 1367–69 (9th Cir.1986). We held in *Domina* that although inherently suggestive, an in-court identification is constitutional unless "the question of guilt or innocence hangs entirely on the reliability and accuracy of the in-court identification...." *Id.* at 1369 (quoting *United States v. Williams*, 436 F.2d 1166, 1168 (9th Cir.1970)). There is no indication that the in-court identification at Akins's trial was more suggestive than the in-court identification in *Domina*, and there is ample other evidence that connects Akins to the robberies. The dis-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict court did not abuse its discretion by allowing Navarrete's identification testimony.

## II.

■ A few days before trial, Akins filed a *Daubert* motion challenging the expert testimony that Akins's fingerprint was found on the gun used in the robberies. The district court denied the motion as untimely and denied the request for a pretrial *Daubert* hearing, but stated that he would allow extensive cross-examination and voir dire of the expert at trial. Akins's counsel did not renew the objection at trial, nor did she cross-examine the fingerprint expert on reliability.

Akins argues that the district court abandoned its gatekeeping function, and that it should have evaluated the reliability of the fingerprint evidence under *Daubert* before admitting expert testimony. *See United States v. Alatorre,* 222 F.3d 1098, 1100–05 (9th Cir.2000). We need not reach this issue, because the admission of the fingerprint evidence was harmless. *See United States v. Scholl,* 166 F.3d 964, 975 (9th Cir.1999) (applying harmless error analysis to a district court's admission of evidence). After the second robbery, the police used a tracking device to follow the money taken from the bank. They traced it to a blue car. A man exited the passenger side of the blue car with a bag on his shoulder, and an officer who was at the scene identified Akins as that man. During the search after the accident that stopped the car, the police found Bank of America money in the bag and a gun on the front passenger side. Two bank tellers identified the gun as the gun used in the robbery and testified that the same robber committed both robberies. Even without the fingerprint identification, ample evidence linked Akins to the gun and the robberies. Any error in failing to es-tablish the reliability of the fingerprint evidence was harmless.

## III.

■ Akins's claim that the evidence was insufficient to support his conviction also fails. *See United States v. Sherwood,* 98 F.3d 402, 408 (9th Cir.1996). After a high speed chase immediately following the second robbery on June 14, 2001, Akins was seen climbing out of the blue car. In the car were a homemade mask, black gloves, and jacket, all matching the descriptions of the robber's garb given by two bank tellers, as well as a dark canvas bag full of money from Bank of America and the gun. Further, there is substantial evidence that the same person committed both robberies. A robber came to the same bank branch on the same day of the week at around the same time. He entered and exited through the same door and jumped over the same fence to escape. He wore the same homemade mask, gloves, and dark clothes, and jumped over the teller desk in the same place. He even pointed his gun at the same clerk both times. Two tellers testified at trial that they knew it was the same person because he had the same voice, used the same verbal expressions, had the same style and mannerisms, wore the same clothes, and took the same actions. Teller Eva Rouse, who was held at gunpoint during both robberies, also testified: "I am positive it [was] the same gun." There was sufficient evidence presented at trial to sustain a conviction on all counts. We affirm the conviction.

## IV.

Akins argues that the district court committed two sentencing errors: (1) it relied solely on the presentence investigation report (PSR) to find that Akins was a career offender; and (2) it applied a sentence enhancement because it found that Akins

brandished a gun in the commission of the offense, which conflicts with the jury's special verdict finding that Akins merely used the gun.

Akins is correct that a district court cannot rely solely on the PSR to determine whether previous offenses require sentence enhancements, particularly where the PSR does not specify the statutes of conviction. *United States v. Pimentel–Flores,* 339 F.3d 959, 967–68 (9th Cir.2003). However, the district court's error was harmless because it imposed the mandatory minimum sentence for use of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c); the career offender status finding did not increase Akins's sentence. Further, the district court was not required to consider Akins's career offender status in determining the length of the term of supervised release. 18 U.S.C. § 3553(a); 18 U.S.C. § 3583(c); *see also United States v. Lopez,* 258 F.3d 1053, 1056 (9th Cir.2001) ("A district court has broad discretion to impose supervised release conditions."). Any error in determining that Akins was a career offender did not affect his sentence.

Finally, it was not clear error for the district court to find that Akins brandished a weapon, which increased Akins's sentence by two years under 18 U.S.C. § 924(c)(1)(A). Even though the jury found under the reasonable doubt standard that Akins merely used, rather than brandished, a firearm during the offense, the district court was entitled to consider the evidence of brandishing under the preponderance standard. *See United States v. Watts,* 519 U.S. 148, 155, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) ("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."). During the first robbery, Akins raised the gun in the air and then pointed it at a teller's head. The district court's finding that Akins brandished the gun was not clear error. *See* 18 U.S.C. § 924(c)(4).

Sentence and conviction AFFIRMED.