**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Don BEEMAN, a/k/a Richard
Beeman, Defendant–Appellant.**

No. 07–50137.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2008.

Decided May 28, 2008.

---

**6.** *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Brett A. Sagel, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM *

Richard Don Beeman ("Beeman") appeals the district court's denial of his mo-

---

* This disposition is not appropriate for publica-     tion and is not precedent except as provided

tion to suppress evidence seized from his personal computer. He also appeals the reasonableness of his 57–month prison sentence for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and certain conditions of his supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the ruling on the suppression motion and all challenged aspects of Beeman's sentence.

■■■ The initial search of Beeman's hard drive by employees of PC Solutions did not implicate the Fourth Amendment because it was not conducted by state actors. The second search at which police were present did not exceed the scope of the first search and so was also permissible under *United States v. Jacobsen,* 466 U.S. 109, 115–17, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Although we decline relief on this ground, Beeman has successfully preserved this issue for appeal should he wish to challenge the continuing viability of *Jacobsen* before the United States Supreme Court.

■■■ The district court did not abuse its discretion in sentencing Beeman to a prison term of 57 months, and this sentence at the low end of the applicable Guidelines range was both procedurally and substantively reasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Carty,* 520 F.3d 984, 994 (9th Cir.2008) (en banc) ("We recognize that a Guidelines sentence 'will usually be reasonable ....' " (quoting *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007))). By discussing the need to avoid sentence disparities in open court at Beeman's sentencing hearing and by addressing the remaining 18 U.S.C. § 3553(a) factors in his sentencing memorandum, the sentencing judge here "set forth enough to

satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita,* 127 S.Ct. at 2468.

All of the supervised release conditions that Beeman challenges are reasonably related to the goals of deterrence, rehabilitation, and/or protection of the public set out in 18 U.S.C. § 3583(d), and none of them involves a "greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. T.M.,* 330 F.3d 1235, 1240 (9th Cir.2003) (internal quotation marks omitted). The district court thus did not abuse its discretion by imposing any of these conditions. *Id.*

■■■ Conditions 4 and 5 of Beeman's supervised release, regarding substance abuse treatment, are warranted in light of Beeman's history of alcoholism and experimentation with other drugs. His objection to condition 6 on the ground that it is an impermissible delegation of judicial authority and that it ignores his inability to pay is foreclosed by *United States v. Soltero,* 510 F.3d 858, 864–65 (9th Cir.2007), which considered and rejected precisely the same objections. Beeman's claim regarding condition 7 on sex offender treatment, that Abel testing as a component of such treatment requires heightened district court findings and should not be prescribed because of its unreliability, is foreclosed by our recent decision in *United States v. Stoterau,* 524 F.3d 988, 1004–07 (9th Cir.2008). *Stoterau* also addressed and rejected the constitutional challenges raised by Beeman to his required participation in Polygraph testing as part of the psychological treatment mandated by condition 7. *See id.* at 1002–05. Beeman's objections to Polygraph testing as "vague" and "overbroad" were not coherently de-

by Ninth Circuit Rule 36–3.

veloped in his briefing and were therefore waived. *See United States v. Kimble,* 107 F.3d 712, 715 n. 2 (9th Cir.1997).

The restrictions on Beeman's computer and Internet use, and the related provision allowing the Probation Office to monitor his computer-based activities (conditions 9 and 10), are reasonably related to the goals of protecting the public and deterring Beeman from repeating his criminal conduct, which involved using a computer to view and download child pornography. These restrictions also do not involve an unreasonable deprivation of Beeman's liberty because he may use computers and access the Internet with the permission of the Probation Office. *See United States v. Rearden,* 349 F.3d 608, 620–21 (9th Cir.2003); *United States v. Antelope,* 395 F.3d 1128, 1142 (9th Cir. 2005). Condition 12, barring Beeman from possessing any material describing or depicting "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2), is also reasonably related to deterrence and rehabilitation in light of the Probation Office's observation that "adult pornography can be a gateway to child pornography for those in the defendant's situation," and while this condition deprives Beeman of liberty, it does so no more than is reasonably necessary given our observation that "[a] defendant's right to free speech may be abridged to effectively address [his] sexual deviance problem." *Rearden,* 349 F.3d at 619 (internal quotation marks omitted) (second alteration in original).

Beeman's challenge to condition 15, which forbids his employment in any capacity that would cause him to interact with minors, is unavailing because this condition is not a true occupational restriction under U.S.S.G. § 5F1.5 in that it does not prohibit him from engaging in his previous occupation as a courier and driver. *See Stoterau,* 524 F.3d at 1008–10; *Rearden,* 349 F.3d at 622. Conditions 14 and 16, preventing Beeman from frequenting, loitering within 100 feet of, or residing in direct view of parks, playgrounds, and other places primarily used by children, are neither unconstitutionally vague, *see United States v. Guagliardo,* 278 F.3d 868, 872–73 (9th Cir.2002), nor more restrictive of Beeman's liberty than is reasonably necessary given the nature of his offense, *see Rearden,* 349 F.3d at 620. Finally, the district court did not plainly err in imposing the supervised release condition authorizing the Probation Office to disclose Beeman's mental health evaluations and treatment records to service providers as necessary to aid in his rehabilitation. *United States v. Lopez,* 258 F.3d 1053, 1057 (9th Cir.2001).

**AFFIRMED.**

