**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Matthew John HILLIARD,**
**aka Matthew Hilliard,**
**Defendant—Appellant.**

No. 06–50709.

United States Court of Appeals,
Ninth Circuit.

Argued March 6, 2008.

Filed Aug. 18, 2008.

Patricia A. Donahue, Michael J. Raphael, Esq., Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM *

Hilliard appeals from the district court's denial of his motion to suppress evidence obtained when Customs and Border Protection searched his laptop at the Los Angeles International Airport. He also appeals from several conditions of supervised release the district court imposed after he pleaded guilty to two counts of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Hilliard argues there exists a heightened privacy interest in the contents of a laptop computer, similar to the privacy interests one has in a body or home, and a search of a laptop at the border therefore requires reasonable suspicion under the Fourth Amendment. We squarely rejected this argument in *United States v. Arnold,* 523 F.3d 941, 945–46 (9th Cir.2008). Hilliard also argues the contents of a laptop computer are subject to First Amendment protections at the border because of their potentially expressive nature. We also re-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

jected this argument in *Arnold, see id.* at 948. We therefore affirm the district court's denial of Hilliard's motion to suppress evidence obtained from his laptop during a routine border search.

Hilliard challenges the district court's authorization of Abel testing in Condition 5 of his supervised release order, arguing it should be subject to heightened scrutiny pursuant to *United States v. Weber,* 451 F.3d 552 (9th Cir.2006). We rejected this argument in *United States v. Stoterau,* 524 F.3d 988, 1006–07 (9th Cir.2008), and additionally held that Abel testing was sufficiently reliable to satisfy the requirements of 18 U.S.C. § 3583(d). Furthermore, the condition was sufficiently justified at sentencing when the government explained its reasons for requesting the condition.

Hilliard argues Condition 6 is improper because it requires him to waive the confidentiality of his records of mental health treatment to allow the treatment provider to give the information to the Probation Officer regarding Hilliard's progress. We rejected this argument in *United States v. Lopez,* 258 F.3d 1053, 1057 (9th Cir.2001).

Hilliard argues Condition 7 is improper because it delegates to the Probation Officer responsibility for determining whether Hilliard should pay the cost of his mental health treatment. This argument is foreclosed by *United States v. Soltero,* 510 F.3d 858, 864 (9th Cir.2007).

Finally, Hilliard objects to Condition 10, which prohibits him from "frequent[ing] or loiter[ing] within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18" as overly vague. However, this condition is not "so

---

vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Hugs,* 384 F.3d 762, 768 (9th Cir.2004) (internal quotation marks omitted). We have consistently affirmed similar conditions. *See United States v. Rearden,* 349 F.3d 608, 620 (9th Cir.2003); *United States v. Bee,* 162 F.3d 1232, 1235–36 (9th Cir. 1998).

**AFFIRMED.**

