MEMORANDUM***
Defendant David Carey Underwood pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals several aspects of the supervised release sentence imposed on him by the district court.
1. We review a term of supervised release for reasonableness because it is part of a defendant's sentence. United States v. Daniels, 541 F.3d 915, 921 (9th Cir.2008), cert. denied, - U.S. , 129 S.Ct. 1600, 173 L.Ed.2d 687 (2009). We first consider whether the district court committed significant procedural error and then whether the sentence is substantively reasonable. id.; United States v. Carty, 520 F.3d 984, 993 (9th Cir.) (en banc), cert. denied, - U.S. - 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008).
The district court sufficiently explained its imposition of a lifetime term of supervised release, and the term was not substantively unreasonable. The court explained that several factors influenced its decision to impose the lifetime supervised release term, including the number of illicit images that Defendant possessed and the length of time during which he possessed them; the victimization of minors that Defendant's behavior encouraged; and the slim possibility of rehabilitation because of Defendant's age and dysfunctional background.
Moreover, we have affirmed a lifetime supervised release term in other child pornography possession cases, including one in which the defendant had not suffered any prior sex offense convictions. See Daniels, 541 F.3d at 923-24 (noting that, even though the defendant did not have any previous sex offense convictions, the district court "was not obligated to accept [the defendant's) assertion that he `never posed a threat to anyone'" and that "[tljhe district court was within its discretion to conclude that a lifetime term of supervised release was necessary to punish [the defendant) for his crime, to rehabilitate him, and to protect the public from future crimes by [him]"); see also United States v. Cope, 527 F.3d 944, 952 (9th Cir.) (noting that we and other circuits have held a lifetime supervised release term to be reasonable), cert. denied, - U.S. , 129 S.Ct. 321, 172 L.Ed.2d 232 (2008). Defendant's attempt to distinguish those cases is unpersuasive.
2. Because the district court mistakenly included Abel testing in its written judgment after stating that that requirement would be stricken from the conditions of supervised release, we remand to the dis *827 trict court with the limited instruction to conform the written judgment to the court’s oral pronouncement. See United States v. Fifield, 432 F.3d 1056, 1060 n. 3 (9th Cir.2005) (“When there is a discrepancy between an unambiguous oral pronouncement of a sentence and the written judgment, the oral pronouncement controls.”).
3. Defendant challenges four of his supervised release conditions on the ground that the district court imposed them without adequate notice. The district court altered insignificantly four of the conditions between their announcement and their imposition. We review for plain error because Defendant did not raise the issue of insufficient notice to the district coui't, despite being given an opportunity to do so. See United States v. Hammons, 558 F.3d 1100, 1103 (9th Cir.2009).
Federal Rule of Criminal Procedure 32(i)(l)(c) requires that the district court “allow the parties’ attorneys to comment on the probation officer’s determinations and other matters relating to an appropriate sentence.” The Supreme Court has held that Rule 32 requires only “reasonable notice.” Burns v. United States, 501 U.S. 129, 138, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (interpreting a previous version of that rule in the context of a district court’s upward departure from the Sentencing Guidelines).
Here, the district court provided reasonable notice to the parties because the terms it imposed differed insubstantially from those that it had announced earlier in the sentencing hearing. The Abel testing requirement is addressed above. The imposed conditions — that Defendant report his conviction to the guardian of any minor with whom he has certain contact in the guardian’s presence and that he report to his probation officer any employment change insofar as it affects his internet and computer use — do not diverge significantly enough from the announced conditions to hold that Defendant had inadequate notice. Finally, disclosure of the presentence report to a treatment provider is a routine part of the requirement that Defendant participate in a mental health treatment program, a condition of supervised release that requires no notice. United States v. Lopez, 258 F.3d 1053, 1056 (9th Cir.2001).
4. The computer conditions shall be construed consistently with United States v. Goddard, 537 F.3d 1087, 1089-91 (9th Cir.2008).
REMANDED with instructions to conform the written judgment to the oral pronouncement; otherwise AFFIRMED.

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.