MEMORANDUM**
Defendant Subhash Chadha appeals his sentence following a guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the sentence, vacate the judgment, and remand with instructions to conform the judgment to the record.[1]
Because Chadha did not object to the conditions of sentencing before the district court, we review his sentence for plain error. United States v. Maciel-Vasquez, 458 F.3d 994, 996 n. 3 (9th Cir.2006).
Chadha first argues that the district court plainly erred by imposing a condition — that he participate in “mental health counseling as directed by the probation officer” — not reasonably related to any of the 18 U.S.C. § 3553(a) factors. However, we conclude that Chadha’s sentence is reasonably related to the court’s mandatory consideration of “the need for the sentence imposed ... to provide the defendant with needed ... medical care[ ] or other correctional treatment in the most effective manner.” 18 U.S.C. § 3553(a)(2)(D). Chadha told the probation officer that he would “rather be dead” than feel the shame caused by his conviction, and that he found his conviction “humiliating and degrading.” Chadha’s wife described Chadha as “depressed and worried.” These facts support the district court’s exercise of discretion to impose mental health treatment as a condition of supervised release under 18 U.S.C. § 3553(a)(2)(D). See United States v. Lopez, 258 F.3d 1053, 1057 (9th Cir.2001). Thus, the opinion is reasonably based on the record, and there is no error .that is plain. Moreover, because Chadha can still seek modification of the conditions of supervised release before the district court, it is difficult to see how his substantial rights could be affected. Finally, even assuming the existence of plain error affecting substantial rights, we conclude that any such error in sentencing did not “seriously affect[] the fairness, integrity, or public reputation of judicial proceedings,” and we decline to exercise our discretion to notice any alleged error. See Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal citations and quotations omitted).
Next, Chadha argues that the district court erred by failing to provide a statement of reasons for the imposition of the mental health treatment and access-to-business-records conditions. However, absent a “particularly significant liberty interest,” district courts are generally not required to articulate reasons for each condition of supervised release, provided that those reasons can be adequately determined from the record'. See United States v. Betts, 511 F.3d 872, 876 (9th Cir.2007). As previously discussed, the record provides ample support for the mental health *193 treatment condition, and its imposition was not an abuse of discretion. Similarly, the aecess-to-business-records condition was reasonably justified by the record because Chadha has a sizeable restitution obligation of over $488,000, a history of noncompliance with court-ordered financial disclosure, and several outstanding judgments. Moreover, the facts underlying Chadha’s conviction involved falsification of financial statements, the very business records to which the condition would ostensibly provide access. Accordingly, the district court did not abuse its discretion by imposing the access requirement. Finally, even assuming the existence of error, there is no indication such an error affected the fairness, integrity, or public reputation of the proceedings.
Third, Chadha contends that Rule 32 requires that the court provide notice before imposing the access-to-business-records condition. Under U.S.S.G. § 5D1.3(d)(3), a court that imposes an order of restitution may additionally require the defendant to provide the probation officer “access to any requested financial information.” Because Chadha’s sentence included a $488,436.53 restitution order, the district court was entitled to require access to defendant’s records. To the extent that access to “any and all business records, client lists and other records pertaining to the operation of any business owned” might arguably be broader than “any requested financial information,” the alleged distinction is not sufficiently “plain,” “clear,” or “obvious” to constitute plain error. See Johnson, 520 U.S. at 467, 117 S.Ct. 1544.[2]
Finally, Chadha requests, without objection by the government, that the judgment be remanded for the limited purpose of conforming the written judgment to the district court’s statements at the sentencing hearing. “Where a discrepancy arises between the terms of an oral pronouncement of a sentence and the subsequent written judgment, the terms of the oral pronouncement control.” United States v. Orlando, 553 F.3d 1235, 1240 (9th Cir.2009). The sentencing judge’s oral pronouncement conditions Chadha’s payment of the costs of mental health treatment on his “ability to pay for such treatment.” That condition was left out of the written judgment and commitment order. The government does not contest this issue in its briefs and agrees that the written judgment is in error. As a result, we remand for the limited purpose of conforming the written judgment to the oral pronouncement at the sentencing hearing whereby the district court order that Chadha’s obligation to pay for his mental health treatment would be conditioned on his ability to pay.
The sentence is AFFIRMED; the judgment is VACATED and REMANDED with instructions to conform the written judgment to the record of what was pronounced.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The parties are familiar with the facts of this case and we do not repeat them here.

. Because the access-to-business-records condition is contemplated by the Sentencing Guidelines and in any event does not constitute a plain error, we do not reach the issue of the effect of Irizarry v. United States, - U.S. -, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008), on Rule 32's implied notice requirement.