# FILED

## NOT FOR PUBLICATION

### UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

DEC 14 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50532 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00291-SVW |
| v. | |
| MARC MANLY RIDEOUT, aka Keri Colbert, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Marc Manly Rideout appeals from the 95-month sentence imposed

following his guilty-plea conviction for fraudulent use of an unauthorized access

device and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

1029(a)(2).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rideout contends we should remand because the district court's oral sentence included ambiguous mental health conditions that differed from the written judgment.  Remand is unnecessary here because the written judgment, which resolved the ambiguity about the district court's imposition of mental health treatment, prevails.  *See United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994); *see also United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir. 2001) (concluding that record amply supported district court's belief that defendant needed metal health counseling).  Further, the district court reasonably concluded that the limited disclosure of Rideout's presentence report and/or any mental health evaluations was necessary to facilitate his treatment and successfully monitor his reintegration into society following his release from prison.  *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008); *Lopez*, 258 F.3d at 1057.

Rideout also contends that the district court's oral pronouncement prohibiting him from obtaining an identification in other names conflicts with the written judgment stating he shall not "use, for any purpose or in any manner" any name other than Marc Manly Rideout.  This contention fails.  *See Garcia*, 37 F.3d at 1368.

**AFFIRMED.**