**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30304 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-06004-RHW |
| v. | |
| CHRISTOPHER TODD SMITH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Christopher Todd Smith appeals from the ten-month sentence imposed

following the second revocation of his supervised release. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JC/Research

First, Smith contends the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and provide an adequate explanation for his sentence. The record belies this contention. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Second, Smith contends the district court abused its discretion by imposing a condition of supervised release that requires him to undergo a mental health evaluation in the absence of evidence that he was mentally ill. The record supports the district court's conclusion that Smith may benefit from mental health counseling. *See United States v. Lopez*, 258 F.3d 1053, 1056-57 (9th Cir. 2001).

Finally, Smith contends that nonstandard Condition of Supervised Release No. 14 should be stricken from the written judgment because it was not included in the district court's oral pronouncement. "In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this court has uniformly held that the oral pronouncement, as correctly reported, must control." *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). Accordingly, we vacate this condition and remand for the district court to make the written judgment consistent with the oral pronouncement. *See id.*

**AFFIRMED in part; VACATED in part; REMANDED.**