FILED

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>FELIX OLI TIGILAU,<br><br>Defendant - Appellant. | No. 13-10448<br><br>D.C. No. 1:12-cr-01251-LEK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted March 10, 2014[**]

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Felix Oli Tigilau appeals from the district court's judgment and challenges a

condition of supervised release imposed following his guilty-plea conviction for

bank fraud, in violation of 18 U.S.C. § 1344; and impersonation of a federal

officer, in violation of 18 U.S.C. § 912. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Tigilau contends that the district court erred by imposing Special Condition of Supervision 1, which requires that he "participate in a mental health assessment and any recommended treatment at the discretion and direction of the Probation Office." We review the district court's imposition of conditions of supervised release for abuse of discretion. *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008). Contrary to Tigilau's contention, Special Condition of Supervision 1 is supported by the record, which reflects that Tigilau himself stated that he had been diagnosed with a mental disorder. *See United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir. 2001). Moreover, even if Tigilau is correct that the challenged condition implicates a significant liberty interest and requires heightened findings, *see Stoterau*, 524 F.3d at 1005-06, the district court stated its reasons for imposing the condition here.

**AFFIRMED.**