**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50070 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00014-BEN-1 |
| v. | |
| BETSY ELIZABETH DURANTY-MOORE, aka Elizabeth Sarah Collins, aka Betsy Duranty, aka Betsy Elizabeth Duranty, aka Betsy Moore, aka Betsy Elizabeth Proebstle, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted September 2, 2015
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Defendant Betsy Elizabeth Duranty-Moore appeals the district court's order

revoking her supervised release and sentencing her to 12 months' imprisonment

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and 18 months' supervised release. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and remand for the limited purposes of striking the drug and alcohol treatment condition from the judgment and of designating and explaining any occupational restrictions imposed.

1. The district court properly exercised its discretion to revoke Defendant's supervised release. See United States v. Thum, 749 F.3d 1143, 1145 (9th Cir. 2014) (reviewing a district court's revocation of a term of supervised release for abuse of discretion). The government established by a preponderance of the evidence, see 18 U.S.C. § 3583(e)(3); Johnson v. United States, 529 U.S. 694, 700 (2000) (stating that burden of proof), that Defendant had violated the condition requiring her to submit truthful and complete monthly reports to her probation officer. It also established that Defendant was on notice of what she was required to submit to satisfy that condition. There was no due process violation.

2. The district court did not plainly err in imposing a condition requiring mental health treatment. Defendant did not object to the condition when it was imposed in 2011 pursuant to the probation officer's recommendation. The condition is contemplated by the sentencing guidelines, United States v. Lopez, 258 F.3d 1053, 1055–56 (9th Cir. 2001) (citing U.S.S.G. § 5D1.3(d)(5)), and it is

2

reasonably related to the sentencing goals of deterrence and protection of the public.[1]

3. We lack sufficient information on this record to resolve Defendant's objection to the imposition of occupational restrictions. To impose an occupational restriction, the district court must identify Defendant's occupation before her conviction and must articulate a "reasonably direct relationship" between that occupation "and the conduct relevant to the offense," United States v. Goddard, 537 F.3d 1087, 1092 (9th Cir. 2008) (quoting U.S.S.G. § 5F1.5(a)(1)), which in this case was making a false statement (using a false identity) on an application for a United States passport.

The district court identified Defendant's occupation as "someone who works for a lawyer, collecting fees and so on." But the court did not specify which conditions of supervision (if any) it considered occupational restrictions, nor did the court articulate how any such occupational restriction(s) related to the offense

---

[1] The district court did not make "on-the-record, medically-grounded findings that court-ordered medication [was] necessary to accomplish one or more of the factors listed in [18 U.S.C.] § 3583(d)(1)." United States v. Daniels, 541 F.3d 915, 926 (9th Cir. 2008) (internal quotation marks omitted). Accordingly, the condition that Defendant take "all medications" prescribed to her "must be understood as limited to those medications that do not implicate a particularly significant liberty interest of the defendant." Id. (internal quotation marks omitted).

conduct. We therefore remand to allow the district court to designate any occupational restrictions imposed as conditions of supervision and to articulate the "reasonably direct relationship" between Defendant's occupation "and the conduct relevant to the offense." Id.

The government concedes that the district court erred in imposing the condition requiring drug and alcohol abuse treatment. We therefore **REMAND** for the limited purposes of striking that condition from the judgment and of designating and explaining any occupational restrictions imposed. The judgment is otherwise **AFFIRMED.**