**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>IRA DWAYNE GIBSON, AKA James Long,<br><br>Defendant - Appellant. | No. 15-10191<br><br>D.C. No. 4:14-cr-00217-JD-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted April 12, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Appellant Ira Dwayne Gibson challenges a suspicionless search condition of

supervised release imposed following his guilty plea for violating 18 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

922(g)(1)—Felon in Possession of Ammunition. We vacate Gibson's sentence and remand.

A district court is required to provide notice before imposing a condition of supervised release when the condition "is not on the list of mandatory or discretionary conditions in the sentencing guidelines . . . so that counsel and the defendant will have the opportunity to address personally its appropriateness." *United States v. Cope*, 527 F.3d 944, 953 (9th Cir. 2008) (quoting *United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004)). The guidelines do not list a suspicionless search condition or place the condition within a "range of expectations." *United States v. Lopez*, 258 F.3d 1053, 1056 (9th Cir. 2001); *see also Cope*, 527 F.3d at 953 and n.4 (requiring notice for particular types of sex offender treatment where sentencing guidelines identify sex offender treatment only generally). The district court was therefore required to provide notice of the search condition.[1] Because the district court failed to do so, it abused its discretion. We vacate the condition and remand to permit the district court to reconsider

---

[1] Gibson's counsel objected to the suspicionless search condition. He did not identify lack-of-notice as a basis for the objection, but he did not have an opportunity to do so. The government is therefore incorrect that our review should be limited to plain error. *See United States v. Mancinas-Flores*, 588 F.3d 677, 686 (9th Cir. 2009) ("[T]he Rules do not require a defendant to force an objection or exception into the record."); *cf. United States v. Watson*, 582 F.3d 974, 981–82 (9th Cir. 2009) (reviewing notice challenge for plain error where counsel was permitted to explain objection to condition of supervised release but identified only substantive objections).

whether to impose the condition and, if it chooses to impose the condition, to provide adequate notice to the parties so that an objection can be made and considered by the court. *See Cope*, 527 F.3d at 953; *Wise*, 391 F.3d at 1033.

Because we vacate Gibson's search condition for lack of notice, we do not review his remaining arguments. Nor do we express any view as to whether the imposition of the challenged condition would be appropriate.

**VACATE and REMAND.**