NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10195 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-01017-JMS-BMK-1 |
| v. | |
| DENNIS RAYMOND ALEXIO, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10196 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-01018-JMS-BMK-1 |
| v. | |
| DENNIS RAYMOND ALEXIO, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted October 11, 2018**
Honolulu, Hawaii

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  WARDLAW, BERZON, and BENNETT, Circuit Judges.

Dennis Raymond Alexio appeals the eighth special condition of his supervised release, which requires him to "participate in a mental health assessment, and any recommended treatment in a mental health program, and follow the rules and regulations of that program," as directed by a probation officer and treatment provider.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

Because Alexio did not challenge the eighth special condition of his supervised release at sentencing, we review for plain error.  *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011); *United States v. Blinkinsop*, 606 F.3d 1110, 1123 (9th Cir. 2010).  Our review of the record reveals ample support for the district court's conclusion that Alexio would benefit from both a mental health assessment and participation in a recommended mental health treatment program after his release.  Alexio was convicted on a total of forty-six counts in two separate trials.  At both trials, Alexio engaged in a pervasive pattern of disruptive behavior.  Alexio's behavior during the first trial was so disruptive that the district court terminated his pro se status and appointed stand-by counsel to represent him.  New counsel then specifically raised concerns over Alexio's increasingly erratic behavior and questioned whether Alexio had suffered severe brain damage.  This disruptive behavior continued during the second trial.

2

A district court has discretion to order special conditions of supervised release pursuant to 18 U.S.C. § 3583(d) if the conditions are "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003) (internal quotation marks omitted) (quoting *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003)). Here, two of the three psychologists who conducted competency evaluations during the proceedings concluded that Alexio suffered from a personality disorder. These evaluations also concluded that for Alexio's condition to improve he required consistent medical treatment. Moreover, the Probation Office recommended a mental health assessment and treatment condition as critical for Alexio's rehabilitation, given his diagnosed personality disorder and sovereign citizen beliefs.

Considering the extensive evidence of Alexio's disruptive behavior during trial, and his personality disorder diagnoses, the eighth special condition of Alexio's supervised release is reasonably related to his rehabilitation. *See* 18 U.S.C. §§ 3553(a), 3583(d); *Rearden*, 349 F.3d at 618. Nor does this special condition unnecessarily deprive Alexio of his liberty. *See United States v. Lopez*, 258 F.3d 1053, 1056 (9th Cir. 2001) ("[A] condition requiring participation in a mental health program is a routine (albeit 'special') condition of supervised

3

release."). Finally, we reject Alexio's argument that the district court committed procedural error by failing to provide specific reasons at sentencing for the eighth special condition. The district court's reasoning is apparent from the record, and this routine condition does not implicate a "particularly significant liberty interest" such that an express statement of reasons was required. *United States v. Wolf Child*, 699 F.3d 1082, 1090–91 (9th Cir. 2012).

For the foregoing reasons, we affirm the imposition of the eighth special condition of Alexio's supervised release.

**AFFIRMED.**