NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50000 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00334-R-1 |
| v. | |
| PAUL YUTAKA ISEDA, a.k.a. Paul Iseda, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 17, 2018[**]

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Paul Yutaka Iseda appeals four conditions of supervised release imposed following his guilty-plea conviction for being a felon in possession of explosive materials, in violation of 18 U.S.C. § 842(i).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Iseda first contends that the district court did not adequately explain its basis for requiring mental health treatment as a condition of supervised release. Because Iseda failed to object in the district court, we review for plain error. *See United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). The district court did not plainly err because the record, which is rife with references to Iseda's pronounced stress and anxiety, makes clear why it imposed the condition. *See id.* at 1090 ("[T]he district court need not state at sentencing the reasons for imposing each condition of supervised release . . . if the reasoning is apparent from the record." (internal quotations and alterations omitted)).

Iseda next argues that the condition requiring mental health treatment is substantively unreasonable. The district court did not abuse its discretion because the condition is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and it involves no greater deprivation of liberty than is reasonably necessary to meet the goals of sentencing. *See United States v. Lopez*, 258 F.3d 1053, 1056-57 (9th Cir. 2001).

Finally, Iseda challenges Standard Conditions 5, 6, and 14. Following our decision in *United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 133 (2018), we vacate those conditions and remand for the district court to cure the constitutional deficiencies.

**AFFIRMED in part; VACATED AND REMANDED in part.**

18-50000